## Cook & Co. v. Black.

### City Bank of Boone v. The Same.

1. **Lien:** ON FUND IN HANDS OF EXECUTORS: INTENTION OF DECEDENT. The fact that a decedent in his life-time had frequently declared his intention to pay certain indebtedness to the plaintiffs from the proceeds of a number of cattle owned by him was held insufficient to create a lien in favor of the plaintiffs upon the fund arising from the sale of the cattle by his executors.

*Appeal from Boone Circuit Court.*

FRIDAY, OCTOBER 22.

THESE two cases were tried to the court below on the same testimony, and they are submitted here together. They are actions in equity to establish parol liens upon the proceeds of certain cattle, a fund in the hands of the defendant as ad-

ministrator of the estate of James Elliott, deceased. The court established a lien upon said fund in favor of Cook & Co. to the extent of $300, and interest for one year at 6 per cent, and in favor of the City Bank of Boone for $1,700, and interest for one year at 6 per cent. The defendant appeals.

*Ramsey & Jordan*, for the appellant.

*Kidder & Crooks*, for the appellee Cook & Co.

*Hindman & Hall*, for the appellee City Bank of Boone.

DAY, J.—The plaintiffs allege that James A. Elliott agreed in parol with the plaintiffs that they might have a lien on a

1. LIEN: fund in hands of executors: intention of decedent.

certain stock of cattle then owned by James Elliott to secure a sum due them, and that the cattle should be placed in the possession of some third person to take charge of and hold them until they were in a suitable condition to be sold. James A. Elliott was indebted to Cook & Co. in the sum of about $500, and to the City Bank of Boone about $2,600. He was the owner of fifty-five head of fat cattle. He frequently declared his purpose to be to pay Cook & Co. $300, and the City Bank of Boone all of its claim but $1,000, out of the proceeds of the cattle when they were sold.

Some time before his death James Elliott placed the cattle in the care of his son-in-law, D. W. Merchant, and his sons, Sylvester and Daniel Elliott, as herders. He made no declaration of trust, and they had no control of the cattle further than taking them to pasture. James Elliott remained in control of the property, and paid for herding them.

In his will James Elliott made his sons, Sylvester and Daniel, his executors. As such executors they came into possession of the property after their father's death. Pursuant to order of the probate court they sold these cattle at private sale for $2,388. It is the fund arising from this sale upon which plaintiffs claim a lien.

In our opinion the evidence fails to establish the creation of a trust in the property, or to show the existence of facts entitling the plaintiffs to a lien upon the proceeds. The most that the evidence shows is an intention on the part of the debtor to apply the proceeds of the property to the payment in part of the debts due the plaintiffs. This intention was never consummated. It does not give the plaintiffs any precedence over the other creditors of the estate. The court erred in establishing a lien in favor of the plaintiffs.

REVERSED.