### KOEHLER *v.* FARMERS' & DROVERS' NAT. BANK *et al.*

*(Supreme Court, Special Term, New York County.   April 22, 1889.)*

1. SUBROGATION—EXTENT OF RIGHT.
   Plaintiff was an accommodation maker of a note, and paid the amount of it to a bank, to which the note had been transferred by the payee for a valuable consideration.   It appeared that the bank held certain securities deposited with it by the payee, to protect it against any loss by reason of its dealings with the payee.   *Held*, that plaintiff was entitled to have the amount which the payee owed the bank ascertained, and to be subrogated to the rights of the bank as to the securities, upon paying the amount so ascertained, the expense incurred by the bank in relation to the securities, and the costs of the action.[1]

2. SAME—TENDER.
   A tender of the amount due the bank was not necessary to the bringing of the action.

Action by Herman Koehler against the Farmers' & Drovers' National Bank and others.

*E. J. Meyers,* for plaintiff.   *C. F. Bartlett* and *William A. Babbitt,* for defendants.

INGRAHAM, J.   I think the plaintiff has established that he executed the note for the accommodation of Chase without consideration, and that Chase, having obtained a discount of the note for his own benefit, became the principal debtor, and plaintiff became his surety.   See *Bank* v. *Wood,* 71 N. Y. 410.   The note in question having been transferred by Chase to the defendant bank for a valuable consideration, that bank became entitled to enforce the same against the maker, and it appears that the plaintiff has paid the amount of that note to the bank.   The bank, however, holds certain securities deposited with it by Chase under an agreement that the same should be held by the said bank as a security, and to protect them against any loss by reason of Chase's dealings with the bank.   The bank was entitled under this arrangement to hold all of the securities deposited with it by Chase until all the moneys owing by Chase to the bank, and losses sustained by the bank in consequence of its dealings with Chase, should be repaid.   Plaintiff, however, would have the right, upon payment to the bank of the amount for which it held the securities mentioned as collateral security, to be subrogated to the rights of the bank, and to hold the securities held by the bank as security for the repayment of the amount that he had been compelled to pay upon the note and the debt due to the bank by Chase.   This right, however, he could enforce only upon payment to the bank of the total amount due it, and it is only upon payment of such an amount that he can enforce the right of subrogation.   The plaintiff in this action does not allege that plaintiff has paid or offered to pay to the bank the amount due to it by Chase, nor is there any evidence that such payment or tender of payment has been made.   The action, however, is made in equity.   Plaintiff's position is that of surety, and not as an original debtor on the note in question.   The amount due to the bank was uncertain, and under such circumstance I think the plaintiff had a right to come into a court of equity, and ask that the amount due to the bank should be ascertained, and that upon the payment of that amount that he be subrogated to the rights of the bank to hold the securities deposited with the bank by Chase as security for the repayment of the amount paid by him as surety; and in actions of this

---

[1] Concerning the general application of the doctrine of subrogation, see Dowdy v. Blake, (Ark.) 6 S. W. Rep. 897, and note; Magill v. Bank, (Ill.) 19 N. E. Rep. 295; Tripp v. Appleman, 35 Fed. Rep. 19, and note.

kind, where the costs are in the discretion of the court, where provision can be made in the decree that will protect the parties, I do not think the bill should be dismissed because no tender of the amount due to the bank was made prior to the commencement of the action. The estate of Chase is insolvent. It does not appear that the rights of any other person require protection, and I see no reason why a decree should not be made in this case that will protect all parties to the action. The bank, however, is entitled to be paid the balance due from Chase, with interest, and all expenses incurred by it in relation to the securities deposited with it by Chase, and the costs of this action, including a reasonable counsel fee, and upon the payment of that amount the plaintiff should be subrogated to the right of the bank as to the securities deposited by Chase, to hold the same as security for the repayment of the amount paid by him to the bank to discharge the obligation of Chase. If the parties cannot agree upon the amount due to the bank, a reference can be ordered to ascertain that amount. No costs in favor of or against any of the other parties to this action. If plaintiff refuses to pay the amount so found due, then there should be judgment in favor of the defendants, dismissing the complaint, with costs to the bank.