(13 App. Div. 450.)

## GERMAN–AMERICAN BANK OF BUFFALO v. NIAGARA CYCLE FITTINGS CO.

(Supreme Court, Appellate Division, Fourth Department. January 27, 1897.)

BILLS AND NOTES—TIME TO ANSWER—DISCHARGE OF INDORSER.

An extension of time to answer, in an action by the indorsee of a note against the maker, is not an extension of time for payment, so as to discharge the indorser.

Appeal from trial term, Erie county.

Action by the German-American Bank of Buffalo against the Niagara Cycle Fittings Company on a note. There was a judgment for plaintiff, and defendant appeals. Affirmed.

This action was begun December 17, 1895, to recover of an indorser the remainder due on a promissory note. January 17, 1895, the Hitchcock Manufacturing Company executed its promissory note, whereby it promised to pay to the order of the Niagara Cycle Fittings Company $400, four months after date, at the Second National Bank at Cortland, N. Y., and on January 18, 1895, the Hitchcock Manufacturing Company executed its promissory note, whereby it promised to pay to the order of the Niagara Cycle Fittings Company $200, four months after date, at the Second National Bank at Cortland, N. Y. The Niagara Cycle Fittings Company indorsed these notes, and, for value received, transferred them to the plaintiff. When the notes fell due, they were dishonored, and notice thereof given to the indorser. June 12, 1895, the plaintiff brought two actions against the maker and indorser to recover the amount due on the notes, but the Hitchcock Manufacturing Company only was served. On the 3d of July, 1895, the Hitchcock Manufacturing Company paid $300 on the notes, and thereupon the plaintiff's attorney, by a written stipulation, extended the time to answer or demur 30 days. Before the time expired, and on or about July 13, 1895, the Hitchcock Manufacturing Company became insolvent, and its property passed into the hands of a receiver. By this payment of $300, the $200 note was fully paid, and the remainder applied upon the $400 note; and subsequently, in the action upon that note, a judgment was entered against the Hitchcock Manufacturing Company for the balance due, and an execution issued.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Andrew J. Robertson, for appellant.
Simon Fleischmann, for respondent.

FOLLETT, J. The sole defense interposed is that the plaintiff, by extending the time to answer of the Hitchcock Manufacturing Company, the maker of the note, discharged the indorser, the defendant herein. This defendant indorsed and transferred the note to the plaintiff for value, and, when its liability became fixed by protest and notice, it became an independent and principal debtor, and did not stand in the position of a mere surety for the maker of the note. Bank v. Wood, 71 N. Y. 405, 411; Edw. Bills & N. (3d Ed.) § 765. The holder of a promissory note owes the indorser no active duty to secure or protect his interests. Smith v. Erwin, 77 N. Y. 466. When the note was dishonored, it became the duty of the defendant to take it up, and take such proceedings against the maker for its collection as should be deemed expedient. This the indorser failed to do, but threw the burden of enforcing the maker's liability

on the plaintiff, which it proceeded to do by an action, during the pendency of which the time to answer was extended 30 days. This did not amount to an extension of time of the payment of the note. The indorser could at any time have paid the note, and brought an action; and, notwithstanding the stipulation, the plaintiff in the action could have withdrawn his action, and begun a new one. In no sense can a mere extension of time to answer in an action be deemed an extension of time for the payment of an obligation upon which the action is founded. This question seems to have been settled in this state.

In Ducker v. Rapp, 67 N. Y. 464, it was said:

"An ordinary stipulation during a litigation to extend the time to answer would not affect a surety, nor would any agreement for any indulgence to pay, or otherwise, unless it was founded upon a good consideration, and operated to prevent the collection of the demand in any form."

The same was said in Ross v. Ferris, 18 Hun, 210, and in Steinbock v. Evans, 122 N. Y. 551, 25 N. E. 929.

Under the rule contended for, a plaintiff in an action against a maker of a note would discharge the indorser by giving or receiving an extension of time to take any step in the action which would delay for a single day the recovery of the final judgment. The holder of a promissory note owes no such duty to the indorser.

The judgment should be affirmed, with costs. All concur.