JONES v. BRISTOW.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. BILLS AND NOTES—ACCOMMODATION INDORSEMENT—COLLATERAL—INDORSER'S RIGHTS.

The fact that an accommodation indorser held collateral to secure his liability on a note did not preclude his recovery in a suit thereon against his accommodation payee for discount after he had paid the same to the indorsee.

2. SAME—ACCOUNTING.

The payee of a note executed for discount having deposited collateral to secure an accommodation indorser's liability thereon is not entitled to an accounting of the amount received from such collateral by such indorser in an action by him on the note after he had paid the same to the indorser discounting same.

Appeal from judgment on report of referee.

Action on notes by Simeon M. Jones against Henry Bristow. From a judgment in favor of plaintiff, entered on report of a referee, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Charles J. Patterson, for appellant.
Joseph A. Burr, for respondent.

HIRSCHBERG, J. This judgment was recovered on three promissory notes made by the defendant, payable to the order of the Domestic Sewing-Machine Company, and amounting together to the sum of $8,900. These notes, together with a number of others, not made by the defendant, and amounting in the aggregate to about $95,000, were taken by the payee to the plaintiff, who indorsed them, and procured them to be discounted at various banks in Pittsburg, Pa., and the entire proceeds were paid over to the sewing-machine company. On maturity the plaintiff was obliged to and did take them all up, paying them out of his own funds. Subsequently to the discounting, and on the 12th day of May, 1893, the company assigned

to the plaintiff certain property and assets, subject, however, to the claims of one Sutherland on account of notes given by him, and under an agreement that, in case all the paper discounted should be promptly met and paid at maturity, the assets were to be returned to the company, but that, in case of failure to meet the notes, then the assets were to be collected, sold, and reduced to cash, the proceeds applied to the payment of the notes, and any balance remaining was to be paid to the company. Less than $25,000 of the notes have since been paid by the makers, not including the defendant, and the defendant has realized something from the assets. The amount so realized does not appear. The answer alleges that it amounts to $46,000, and the reply that it does not exceed $4,000. At the defendant's figures it would not pay the plaintiff's claim, exclusive of the notes in suit. The defendant claimed that he made the notes in suit for the accommodation of the Domestic Sewing-Machine Company. The learned referee found that they were given for value, and this finding is abundantly established by the evidence. As there is no evidence supporting the defense of payment, and the plaintiff is accountable only to the company for the assets received by him as collateral, and for the amount realized therefrom, the possession of such collateral and of the sums collected from it is no bar to the plaintiff's right of recovery on the obligations from the defendant as the maker for value and the principal debtor. This finding by the referee, and our approval of it, render unnecessary the examination of other questions presented and argued on the appeal. We are of opinion, however, that, even on the assumption that the notes were made by the defendant for the sole accommodation of the payee, the defendant cannot compel an accounting by the plaintiff as a prerequisite to the collection of the notes at law. The situation is analogous to the cases where security furnished by a principal debtor to the holder of a note has not been resorted to at the time an accommodation indorser has been sued. There is no trust relation, or special equity, as between the parties to this suit, which operates to take the case out of the ordinary rule. In Bank v. Wood, 71 N. Y. 405, the court said (page 410):

"While an accommodation indorser may be regarded as surety in some cases, and under certain circumstances, and has all the rights applicable to that relationship, yet, as between him and a bona fide holder, where his liability has become fixed, he becomes the principal debtor, and, if he desires the benefit of any security held by the creditor, he must pay up the debt, fulfill the contract, and enforce the right of subrogation to the holder as to the securities held by him."

See, also, Coal Co. v. Kilderhouse, 87 N. Y. 430; People v. Remington, 54 Hun, 505, 8 N. Y. Supp. 34, affirmed in 121 N. Y. 328, 24 N. E. 793, 8 L. R. A. 458; Bank v. Shields, 55 Hun, 274, 8 N. Y. Supp. 298; Sterne v. Talbott, 89 Hun, 368, 35 N. Y. Supp. 412.

The judgment should be affirmed, with costs. All concur.