### FRANKLIN v. BROWNING.

#### (Circuit Court of Appeals, Eighth Circuit. July 28, 1902.)

#### No. 1,682.

1. NOTES—INDORSEMENT—EFFECT.
    A note indorsed "Pay to the order of B., demand and notice waived," is an undertaking on the part of the indorser that he will pay the note to the holder at maturity if not paid by the maker.

2. PLEADING—PHRASES—UNDERSTANDING AND AGREEMENT.
    The phrase "understanding and agreement" in a pleading imports an oral agreement.

3. NOTES—INDORSEMENT—PAROL EVIDENCE.
    Parol evidence of an oral agreement, alleged to have been made at the time of the drawing, making, or indorsing of a bill or note, cannot be permitted to vary, qualify, or contradict, or add to, or subtract from, the absolute terms of the written contract.

4. SAME—RIGHTS OF HOLDER—SECURITY.
    Though a note in terms gives a lien on cattle, there is no duty on an indorsee to follow the cattle; his right against the indorser being absolute.

5. SAME—CONSTRUCTION—LIEN.
    A note read: "I promise to pay * * * for wintering cattle branded N. S. Cattle wintered by F. to stand good for payment of this note, and is to be paid from first shipment of cattle." *Held* that, no cattle being described, so as to be capable of identification, no authority being given to take possession of cattle, but there being merely an agreement to pay from a certain fund, no lien was conferred by the note.

In Error to the United States Court of Appeals in the Indian Territory.

In his complaint the plaintiff (defendant in error) alleged that the defendant (plaintiff in error) on April 27, 1895, being indebted to him in the sum of $480, in satisfaction thereof transferred to him two promissory notes, the payment of which he "guarantied absolutely." One of said notes was as follows:

"$380.                 Vinita, I. T., April 1, 1895.

"Three months after date I promise to pay to the order of G. W. Franklin the sum of three hundred and eighty dollars, value received, for wintering

---

¶ 4. See Bills and Notes, vol. 7, Cent. Dig. § 691.

cattle branded N. S. Cattle wintered by G. W. Franklin to stand good for the payment of this note, and is to be paid out of the first shipment of said cattle, and is to bear 10 per cent. interest from due.          N. Skinner."

The date and the purport of the other note was the same, except that it was for the sum of $100, payable one day after date, and bore interest at the same rate from its date. Each note was indorsed as follows: "Pay to the order of P. G. Browning, demand and notice waived, G. W. Franklin;" and the last mentioned note was further indorsed: "Credited by cash on the within October 5, 1895, $65." Nonpayment, excepting the $65, was alleged, and judgment prayed for the amount due. Defendant answered, admitting his indebtedness to plaintiff April 27, 1895, and that in satisfaction thereof he then indorsed and transferred to him said two notes, but denied that he "guarantied absolutely" the payment of the notes, "except as appears indorsed thereon," and denied any indebtedness to plaintiff; alleging that Skinner, the maker of the notes, was a resident of the Indian Territory, and solvent; that the notes were given "for wintering about two hundred head of N. S. cattle, of which said brand there were about two thousand head, worth about $50,000; that said cattle were at that time in the Cherokee Nation, and said notes were intended to, and did, secure to the defendant a lien on all of said N. S. cattle for the payment of the debt therein expressed; that said notes were indorsed by defendant to plaintiff with the understanding and agreement that plaintiff would protect and enforce said lien, and collect the amount of said notes when due out of said cattle, and subject them to the payment of said debt; that when said notes became due and payable, said cattle had not been removed from the Cherokee Nation; but plaintiff, in utter disregard of the defendant's right, and in violation of his said agreement and of the defendant's urgent request to enforce said lien, wholly refused and neglected so to do, although the same was admitted by said Skinner to be just and due, but trifled with said security, and negligently permitted said Skinner to ship said cattle out of the country, and suffered said lien to be lost, and since which time said Skinner has become wholly insolvent." The plaintiff demurred to this answer, as not stating facts sufficient to constitute defense to the complaint, or to entitle defendant to any relief. The court sustained the demurrer, and the defendant refusing to plead further, judgment was rendered in favor of the plaintiff, which, upon appeal, was affirmed by the United States court of appeals for the Indian Territory.

John B. Turner, for plaintiff in error.
W. H. Kornegay, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCH-REN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

That the defendant indorsed each of the notes "Pay to the order of P. G. Browning, demand and notice waived, G. W. Franklin," is admitted by the answer. These indorsements are contracts in writing, made in the transfer of the notes for value. The obligation assumed by the indorser by such indorsement is as certain and free from doubt or ambiguity as if fully set forth in express words. 1 Dan. Neg. Inst. § 717. As the indorsement waives demand and notice, the agreement of the indorser is that he will pay the notes to the indorsee or holder if they are not paid by the maker at maturity. The defense pleaded seeks to change and make different this obligation of defendant under his written indorsement by alleging a contemporaneous "understanding and agreement," to the effect that the defendant should not be liable upon his indorsements unless plaintiff had diligently protected

an alleged lien upon cattle, and neglected no means of collecting the notes through such lien. The words "understanding and agreement" import an oral agreement, and it is not stated to have been in writing. But the contract of indorsement, like every other written contract, must be held to contain all the terms of the final agreement between the parties relative to the obligation of the indorser. "It is a firmly settled principle that parol evidence of an oral agreement, alleged to have been made at the time of the drawing, making, or indorsing of a bill or note, cannot be permitted to vary, qualify, or contradict, or add to, or subtract from, the absolute terms of the written contract. 2 Pars. Bills & N. 501; Specht v. Howard, 16 Wall. 564, 21 L. Ed. 348;" Forsythe v. Kimball, 91 U. S. 291, 23 L. Ed. 352. Merely as holder of the notes so indorsed, no duty was cast upon the plaintiff to look after or follow the cattle, even if the terms of the notes gave a lien upon any cattle. No cattle were delivered to or put in the care or charge of plaintiff. After the notes became due and remained unpaid, the defendant was absolutely liable for their payment. He could not require the holder to pursue the maker or any security. His right was to pay the notes to the holder, and assume the control and collection of them himself. Ross v. Jones, 22 Wall. 576, 22 L. Ed. 730, and cases cited. But the language of the notes is ineffectual to give any lien upon any cattle. No cattle are described so as to be fairly capable of identification. The answer states that the cattle wintered by defendant were about 200, and that Skinner had about 2,000 of the same brand, and claims that the lien covered them all, and was not confined to those wintered by defendant, and which alone are mentioned in the note. It is needless to consider this claim. The note gives no authority to take possession of or sell any cattle. It appears to be an agreement that Skinner will regard those cattle as the property from the sale of which he will pay the notes, and will make such payment from the first shipment; which implies that he is to continue to have full dominion over the cattle, and unrestrained power to dispose of the same. It is a promise to pay the notes out of the proceeds of the sale of the cattle. This creates no lien. Cook v. Black, 54 Iowa, 693, 7 N. W. 121.

The judgment is affirmed.