(54 Misc. Rep. 404)

STATE OF NEW JERSEY v. LIMBURG et al.

(Supreme Court, Trial Term, New York County. May, 1907.)

1. CORPORATIONS—CONTRACT OF DIRECTORS—INDIVIDUAL LIABILITY.
    Where the board of directors of a New Jersey corporation, on adjournment of proceedings to enjoin it from doing business because of failure to pay its taxes, agree with the Attorney General of the state to pay the taxes before the adjourned day, it constitutes an individual agreement on the part of each director signing it, on which an action is maintainable.
    [Ed. ·Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1444.]

2. GUARANTY—DISCHARGE OF GUARANTOR—EXTENSION OF TIME.
    The directors of a New Jersey corporation, in consideration of the adjournment of proceedings to enjoin it from doing business for failure to pay taxes, agreed with the Attorney General to pay the same before the adjourned day. Held, that the fact that, on receipt of a check on account, the Attorney General wrote that when the check was paid the proceedings against the company would be continued until a further date, without the consent of the directors, did not absolve them from further liability.

**3. SAME—CONSTRUCTION.**
> Where directors of a corporation agreed with Attorney General to pay taxes assessed against it, the agreement cannot be construed to include an additional 1 per cent. per month imposed by statute on delinquents.

Action by the state of New Jersey against Herbert R. Limburg and others to recover balance of tax due from the Patten Vacuum Ice Company, a New Jersey corporation. Judgment for plaintiff.

Dexter, Osborn & Fleming, for plaintiff.
Herbert R. Limburg, for defendants.

GREENBAUM, J. By this action plaintiff seeks to recover of defendants the balance of the tax due it for the year 1902 from the Patten Vacuum Ice Company, a New Jersey corporation. This tax, amounting to $2,500, was not paid by the corporation. Pursuing one of the remedies provided by the statutes of New Jersey in case of failure to pay such tax, the Attorney General of the state of New Jersey began a proceeding to enjoin the company from doing business. The proceeding was adjourned from time to time to May 5, 1903. Pursuant to negotiations had with the Attorney General, the latter consented by letter to further adjourn said proceedings upon the assurance—

"from some responsible person or persons agreeing to see that payment of the taxes due by the Patten Vacuum Ice Company is made before September 5th, next. I am also willing to accept a letter signed by a majority of the board of directors of the company agreeing to make payment by the date named.'

The defendants, constituting a majority of the then board of directors of the company, thereafter wrote a letter to the Attorney General under date of May 5, 1903, signed by each of them, in which it was stated that they—

"do hereby agree that the taxes due by said company, to recover which proceedings have been instituted by you and have been at present adjourned until May 12, 1903, will be paid on or before September 5, 1903. While agreeing to pay the taxes of the company on or before such date, we would appreciate it if the date could be made October 5, 1903, as by that time we expect larger returns from our summer business."

In consideration of the foregoing letter the proceedings were adjourned to September 5, 1903. About September 8th a check of $1,000 was given in payment on account of the tax, and upon the request of the attorney of the company the Attorney General wrote:

"When this check is paid the proceeding now pending against the company will be continued to January 5th next."

The defendants now claim; First, that their letter of May 5th did not constitute an individual agreement on their part; and, secondly, that in any event the agreement by the Attorney General to continue the proceedings to January 5th, upon the payment of the $1,000, without their consent, absolved them from any further liability.

I am of opinion that the defendants entered into a personal obligation. The Attorney General himself defined what kind of an assurance he desired, and in the letter signed by the defendants in response to his wishes they agreed as individuals that the tax will be

paid on or before September 5th. Nor does the reference in the letter, "We expect larger returns from our summer business," indicate, as ingeniously argued by defendants, that it was thereby contemplated that the company was agreeing to pay the tax. Obviously there was no need to secure the company's agreement to pay the tax. The company was obligated to pay it without the letter.

With respect to the second defense, it seems clear to me that it is without merit. Assuming that the defendants are to be regarded as guarantors, and not as sureties, the promise to continue the proceedings did not constitute such an independent agreement, founded upon a consideration, which operated as an extension of time to pay the taxes. The proceeding that had been brought was one designed to enjoin the company from doing business because of its failure to pay the tax. Of course, the payment of the tax would defeat the proceeding. The Attorney General, however, by no act of his extended the time of the payment of the tax. His promise was a mere indulgence in the proceeding. It was not even proved that an enforceable adjournment was in fact given. It has been held that an adjournment of one of the ordinary proceedings in a case in which an undertaking is given does not release the sureties. Steinbrock v. Evans, 122 N. Y. 551, 25 N. E. 929; German Am. Bank v. Niagara Cycle Co., 13 App. Div. 450, 43 N. Y. Supp. 602. Besides, it is difficult to apprehend how the defendants may seriously urge that they could possibly have been injured by the Attorney General's further indulgence. They themselves constituted a majority of the directors of the corporation. It may be assumed, too, that it was at their request that the final adjournment was procured. Of what remedy were they deprived? If subrogated to the Attorney General's position, they could only have stopped the business of the company. This they could have done without him. It also appears that, in addition to the injunction proceeding, the plaintiff could have maintained an action at law against the company for the arrears of taxes, so that, if they desired, the defendants could have been subrogated in that regard to the rights of the plaintiff, notwithstanding the continuance of the pending proceeding.

It now remains to determine whether the defendants are liable for the additional 1 per cent. interest per month imposed upon delinquent taxpayers. The additional payment is clearly in the nature of a penalty, and the guaranty of the defendants cannot reasonably be construed into an agreement to pay the penalties that might accrue after September 5th.

Verdict is directed for $1,500, together with interest due upon the tax at the rate of 12 per cent. up to September 5, 1903, and with further interest on $1,500 at the rate of 6 per cent. from September 5, 1903.

Judgment accordingly.