### MORRIS A. MILLER *vs.* JENNIE LEVITT.

Suffolk. November 22, 1916. — March 10, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Bills and Notes.*

Under R. L. c. 73, § 46, the payee of a negotiable promissory note, who is a holder for value and to whom the maker gave an assignment of a chose in action as security, may maintain an action against one, whom he knew when he took the note to have been an accommodation indorser, without first exhausting his rights as to the security.

CONTRACT upon promissory notes described in the opinion. Writ in the Municipal Court of the City of Boston dated February 18, 1916.

On removal to the Superior Court the case was referred to an auditor, the parties agreeing that the auditor's findings of fact should be final. Material facts found by the auditor are described in the opinion. Upon the facts found by the auditor, *Fox, J.,* ordered judgment for the plaintiff in the sum of $677.43 with interest from the date of the filing of the auditor's report. The defendant appealed.

*S. Sigilman & W. P. Murray,* for the defendant, submitted a brief.

*S. Brenner,* for the plaintiff.

CARROLL, J. This is an action against the indorser on two promissory notes, made by Julius Waldstein and payable to the plaintiff, a holder for value. The defendant was an accommodation indorser and known to be such by the plaintiff. The defendant contends, that although the notes were dishonored for non-payment, and notice of dishonor was given her, she is not

liable, because the plaintiff received from Waldstein in September, 1915, an assignment of all his interest in a contract with the city of Boston for the construction of the Condor Street sewer, and that this security should be applied in payment of the debt before she can be called upon to pay. One of the notes was given in October, 1915, after the execution of the assignment. The other note was dated August 23, 1915, and matured in four months. Nothing has been received from the contract since the assignment, and the plaintiff has brought an action thereon, which is still pending against the city of Boston.

Under the negotiable instruments act, the defendant is liable on the notes notwithstanding the plaintiff, at the time of taking the instrument, knew her "to be only an accommodation party." R. L. c. 73, § 46. When the notes were dishonored for non-payment the holder had the immediate right to have recourse to the indorser (R. L. c. 73, § 101) and he was not required to exhaust his security before so doing.

A creditor is not required to realize on the security left with him before applying to the debtor or other person who may be responsible for the indebtedness. *Burnham* v. *Windram,* 164 Mass. 313. *Whitwell* v. *Brigham,* 19 Pick. 117. *Brick* v. *Freehold National Banking Co.* 8 Vroom, 307. Nothing has been received by the holder from the assignment and none of the security has been surrendered, therefore cases like *Guild* v. *Butler,* 127 Mass. 386, are not in point. The defendant's contract with the plaintiff was to pay the notes when dishonored. There was nothing expressed or implied in the contract giving her the right to this additional security, at least before she paid the debt, *First National Bank of Buffalo* v. *Wood,* 71 N. Y. 405, and there was no agreement by the holder to convert the collateral security into money before suing the indorser. In fact, the plaintiff may never recover on the contract with the city of Boston. It would be contrary to the agreement of the parties to postpone the rights of the plaintiff against one secondarily liable, until he first resorted to the security. *Franklin* v. *Browning,* 54 C. C. A. 258. *Carver* v. *Steele,* 116 Cal. 116. *Brick* v. *Freehold National Banking Co., supra. Sterling* v. *Marietta & Susquehanna Trading Co.* 11 Serg. & R. 179. "It would be overthrowing long established rules seriously affecting the rights and liabilities of parties, to hold

that resort must be first had to a mortgage or other instrument taken as collateral to secure the same." *First National Bank of Buffalo* v. *Wood, supra.* See *Faneuil Hall National Bank* v. *Meloon,* 183 Mass. 66; *Alldred's estate,* 229 Penn. St. 627; *Allison* v. *Hollembeak,* 138 Iowa, 479.

*Judgment affirmed.*