ASTOR TRUST COMPANY, Appellant, *v.* WALTER P.
FEARON, Respondent.

(Supreme Court, Appellate Term, First Department, July, 1917.)

Negotiable instruments — promissory notes — liability of indorser, when
fixed — bankruptcy.

> Where the makers of a promissory note were adjudicated
> bankrupts the liability of the indorser becomes fixed upon
> due presentment and giving him due notice of nonpayment and
> he can be relieved from liability only by payment in full of the
> principal and interest.

APPEAL by the plaintiff from a judgment of the
Municipal Court of the city of New York, borough of
Manhattan, ninth district, rendered in favor of the
plaintiff.

White & Case, for appellant.

Kafer & Wilds, for respondent.

ORDWAY, J.   The facts in this case are not disputed.
The plaintiff is the owner and holder of a promissory
note made by the firm of Cottier & Co., and the
defendant herein is the indorser.

Cottier & Co. were adjudged bankrupts on January
12, 1915.  The amount of interest then due on the note
was the sum of eight dollars.

The face amount of the note was paid by amounts
received from the bankrupts and the indorser, and
the interest which had accrued up to the time of the
trial was the sum of $138.02.  The claim of the defend-
ant is, that he is only liable for interest which had
accrued up to the time the makers were adjudicated
bankrupts.

The learned trial justice adopted this view and rendered judment for plaintiff for the sum of eight dollars and the plaintiff appeals.    The court below based its decision mainly upon the case of *Wolf* v. *Stix,* 99 U. S. 8, in which it was held that where one was surety for another to pay any judgment that may be rendered in a specified action, and the judgment is defeated by the bankruptcy of the party, the surety will be relieved.    The obligation of an indorser of a note without restriction is more than that of a mere surety.    His obligation is a separate independent agreement that the note shall be duly honored and that if it is not and he has due notice of the dishonor he will pay the amount to the indorsee.    In the case of *First National Bank* v. *Wood,* 71 N. Y. 405, the court said: " While an accommodation indorser may be regarded as surety in some cases, and under certain circumstances, and has all the rights applicable to that relationship, yet as between him and a *bona fide* holder where his liability has become fixed, he becomes the principal debtor.''

" While an indorser is said to be secondarily liable, the holder of a note may sue both the maker and the indorser or either.    An indorser sued upon his contract of indorsement is absolutely liable thereon.    It is not a defense for him to plead in such an action that the maker is solvent.    When sued, the indorser stands for the purpose of that action in the same position as the maker except that he is absolutely liable upon his contract of indorsement while the maker is absolutely liable upon the note.''    *Curtis* v. *Davidson,* 215 N. Y. 395.    See also *German-American Bank of Buffalo* v. *Niagara Cycle Fittings Co.,* 13 App. Div. 450.

A right of recovery accrues against an indorser as soon as the note falls due, on compliance with the

conditions precedent to his liability, making due presentment and giving due notice of nonpayment.

When, therefore, the note in this case became due and was protested, the liability of this defendant became fixed, and was not changed by the bankruptcy of the makers and he could only be relieved from such liability by the payment in full of the principal and interest.

Judgment modified by increasing the amount of the recovery to the sum of $138.02 and appropriate costs in the court below, and, as so modified, affirmed, with $25 costs to the appellant.

LEHMAN and BIJUR, JJ. concur.

Judgment modified, and, as so modified, affirmed, with costs to appellant.