GERSETA CORPORATION, Respondent, v. GRAMATAN NATIONAL BANK OF BRONX-VILLE, Appellant.

RAW SILK TRADING COMPANY, Appellant.

*Equity — subrogation — demand for declaratory judgment in complaint unnecessary — action not barred by former judgment — plaintiff entitled to subrogation.*

Appeal by the Raw Silk Trading Company from an order of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office August 7, 1922, which denied a motion made by the defendant for judgment dismissing the complaint or in the alternative bringing 'n the Raw Silk Trading Company as a party defendant. Also an appeal by the defendant, Gramatan National Bank, from so much of said order as denies its motion to dismiss the complaint. Order affirmed, with ten dollars costs and disbursements, on the opinion of Marsh, J., at Special Term. Present — Clarke, P. J., Smith,

Merrell, Finch and McAvoy, JJ. The following is the opinion delivered at Special Term:

MARSH, J.: In the view I take of this matter it is unnecessary to determine whether, or to what extent, section 473 of the Civil Practice Act* may be unconstitutional. The demand for a declaratory judgment is an unnecessary element in the prayer for relief, although certain of its clauses might require consideration in framing conclusions of law after trial. I do not think that the action is barred by the Westchester county suit or judgment. The complaint fully recognizes the force of that judgment and the validity of the claim which it establishes, but seeks relief in respect to a situation in which the judgment is only one element and which was not subject to adjudication thereby. As between the plaintiff and Raw Silk Trading Company, the latter should have taken up the note. The plaintiff, therefore, is entitled to subrogation on being forced to pay. (*Koehler* v. *Farmers & Drovers' Nat. Bank,* 5 N. Y. Supp. 745; *Pittsburgh-Westmoreland Coal Co.* v. *Kerr,* 220 N. Y. 137.) " In actions of this kind, where the costs are in the discretion of the court, where provision can be made in the decree that will protect the parties, I do not think the bill should be dismissed because no tender of the amount due to the bank was made prior to the commencement of the action." (*Koehler* v. *Farmers & Drovers' Nat. Bank, supra.*) The defendant is not concerned with the rights of other creditors of the insolvent, even if there be any such rights equal to those of the plaintiff. (See *Wilder* v. *Butterfield,* 50 How. Pr. 385; *Wright* v. *Austin,* 56 Barb. 13.) The Raw Silk Trading Company, however, seems to be a necessary party to any action disposing of its collateral, and both parties consent that it be joined. The bank, however, cannot be deprived of the benefit of its judgment while the other parties are litigating the facts upon which the right of subrogation is based. (*First Nat. Bank* v. *Wood,* 71 N. Y. 405; *Koehler* v. *Farmers & Drovers' Nat. Bank,* 51 Hun, 418; *Jones* v. *Bristow,* 51 App. Div. 302.) The motion to dismiss the complaint is denied. The Raw Silk Trading Company is ordered to be brought in as a party defendant and a supplemental summons and complaint to be served by the plaintiff. The motion for an injunction is denied in so far as it seeks to restrain the defendant from enforcing the judgment, but granted to the extent of enjoining the transfer of the collateral except to the plaintiff.

