## ROBERTS v. INTERNATIONAL BANK.

Court of Appeals of District of Columbia.
Submitted February 9, 1928. Decided.
March 5, 1928.

### No. 4617.

1. **Bills and notes** ☞409—Notary, who is stockholder and president of bank, may protest its paper (Code, §§ 558, 1058).

Protest of notes by bank *held* not invalid, because notary at time was stockholder of bank and its president, under Code, §§ 558, 1058.

2. **Bills and notes** ☞135—Liability of indorser on note held not reduced or modified by provisions of trust deed securing it.

Liability of indorser on note *held* not reduced or modified by provisions of deed of trust securing it.

3. **Bills and notes** ☞299—Holder of note, as respects indorser, need not look to mortgaged property.

Holder of note, as respects indorser, was not bound to look to mortgaged property, and had no duty to save property from sacrifice sale under any prior deed of trust.

4. **Bills and notes** ☞398—Indorsee's failure to notify indorser of nonpayment of installments on note discharges indorser from liability only as to such payments (Code, § 1393).

Failure of indorsee of note to give notice to indorser of nonpayment of installments results in discharging indorser from liability for such payments, but has no other effect, under Code, § 1393.

In Error to the Municipal Court of the District of Columbia.

Action by the International Bank against Joseph P. Roberts. Judgment for plaintiff, and defendant brings error. Affirmed.

G. L. Munter, of Washington, D. C., for appellant.

C. A. Douglas and E. D. Campbell, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. The International Bank, as plaintiff below, prayed judgment against Magdalena E. Gale, as maker, and Joseph P. Roberts, as indorser, of two certain promissory notes. The bank asserted that it was the purchaser of the notes for value, before maturity, and without notice of any infirmity, and that protest of the notes for nonpayment had been duly made and notice thereof given to Roberts as indorser. The maker, Gale, was not served with summons, and did not appear. Roberts was served and defended, but judgment was rendered against him.

The two notes are identical in terms, each being dated October 30, 1923, signed by Magdalena E. Gale as maker, made payable to the order of Joseph P. Roberts, and indorsed by him in blank; each being in the sum of $1,500, with 7 per cent. interest from date, payable in monthly installments of $30 each, falling due severally upon the 1st day of each and every month thereafter until the notes should be fully paid. Each note was secured by a separate deed of trust, executed by the maker, Gale, to Roberts, for certain real estate situate within the District of Columbia, and both notes were given for deferred payments upon the same real estate, which was concurrently sold by Roberts to Gale. The evidence discloses that the bank became the owner of the notes for value in the summer of 1924, that the monthly installments were not at that time in arrears, that the notes were indorsed by Roberts in blank and also by one Craddock (not a party herein) as an accommodation indorser, that since the bank acquired the notes only three of the monthly installments were paid, that no protest for nonpayment was made as to any installment falling due prior to October 1, 1926, but that the installments payable respectively upon that date and November 1, 1926, were protested. It also appears that the notary public who acted in making protest was at the time a stockholder of the bank and its president. The present suit was brought to recover for the protested installments.

[1] The plaintiff in error contends that the protest of the notes was invalid, because the notary at the time was a stockholder of the bank and its president. This is not the rule in the federal courts. "But, in the circuit courts of the United States, interest in the litigation no longer disqualifies a witness; and this rule falls with its reasoning. A notary public who is the cashier of a bank may now legally protest its paper." Nelson v. First National Bank of Killingley (C. C. A.) 69 F. 798, 801. See, also, Moreland v. Citizens Savings Bank, 97 Ky. 211, 30 S. W. 637; Patton v. Bank of Lafayette, 124 Ga. 965, 53 S. E. 664, 5 L. R. A. (N. S.) 592, 4 Ann. Cas. 639; 7 Cyc. 1055; 3 R. C. L. 1325. We find nothing in section 558 or 1058, D. C. Code, to the contrary.

[2, 3] It is also contended by the plaintiff in error that, in view of the provisions of the deeds of trust and the circumstances of the case, he should be discharged entirely, or at least pro tanto, from liability upon the notes. The provisions of the deeds of trust thus relied upon read as follows, to wit:

"To use and occupy the said described land and premises, * * * until default be made in the payment of said promissory note hereby secured or any installment of interest thereon, when and as the same shall become due and payable."

"And upon this further trust, upon any default or failure being made in the payment of said note or of any installment of principal or interest thereon, when and as the same shall become due and payable, * * * then and at any time thereafter, the said parties of the second part or the trustees acting in the execution of this trust shall have the power and it shall be their duty thereafter to sell. * * * "

It is contended by plaintiff in error that the notes and the deeds of trust should be construed together, and that when thus construed they require that notice of dishonor should be given to the indorser, when the maker first defaulted with respect to the payment of any installment when due, and that, inasmuch as various installments were due and unpaid prior to October 1, 1926, and no notice was given to the indorser of their nonpayment, the latter was entirely discharged from liability upon the notes. The first such default occurred in the summer of 1924, and no notice thereof was given to plaintiff in error, nor did he learn of the default, until October 1, 1926. He claims that in the spring of 1926 the mortgaged property was sold under a prior deed of trust at a nominal price, which left nothing for the payment of these notes; whereas the security at that time possessed ample value to protect both debts, and he would have been able to buy in the property and save himself from loss, had he received notice of the first default in 1924. Plaintiff in error accordingly claims that his security in fact was lost by reason of the bank's laches, and that the bank is estopped from proceeding against him on the notes.

We cannot agree with this view. The plaintiff in error was liable as indorser upon the notes, and his liability was not reduced or modified in any manner by any provision to be found in the deed of trust securing it, nor was the bank bound to look to the mortgaged property for the payment of the notes, nor did the provisions of the deeds of trust impose any obligation upon the holder of the note to save the property from a sacrifice sale under any prior deed of trust.

"Merely as holder of the notes so indorsed, no duty was cast upon the plaintiff to look after or follow the cattle, even if the terms of the notes gave a lien upon any cattle. * * * After the notes became due and remained unpaid, the defendant was absolutely liable for their payment. He could not require the holder to pursue the maker or any security. His right was to pay the notes to the holder, and assume the control and collection of them himself." Franklin v. Browning (C. C. A.) 117 F. 226, 228.

"It requires no citation of authority to show that a negotiable note secured by mortgage upon land loses none of its attributes by reason of that fact. The mortgage is an incident of the debt and passes with its assignment. The debt evidenced by the note gives character to the mortgage and protects it from the equities between mortgagor and mortgagee on behalf of the bona fide holder of the note for value. The mortgage, with or without power of sale, detracts nothing from the quality of the debt which it secures, though it may add commercial value through its lien. That the note may recite or show upon its margin, which seems the general custom, that it is secured by mortgage or other lien, cannot affect the doctrine stated." Brewer v. Slater, 18 App. D. C. 48, 57.

See Thorp v. Mindeman, 123 Wis. 149, 101 N. W. 417, 68 L. R. A. 146, 107 Am. St. Rep. 1003; 8 C. J. 458.

It may be added that there is no provision in the notes or deeds of trust whereby all of the installments should become due and payable in case default be made in the payment of any one of them when due. It is provided therein that, in case the trustees shall sell the premises under the deeds of trust, all of the installments shall thereupon become due at the election of the holder of the notes. This provision, however, is of no consequence here, inasmuch as no sale was ever made under the present deeds of trust.

[4] We find nothing in the circumstances of this case which entitles the plaintiff in error to any equitable relief. He sold the described real estate to Magdalena E. Gale and accepted these notes in settlement, secured by a second deed of trust upon the premises. He then negotiated the notes for value by means of a blank indorsement, thereby giving them currency. It must be assumed that he knew of the existence and terms of the prior incumbrance, and knew that the mortgaged property was liable to sale if the debt secured by it was not paid when due. He had no right to demand that the indorsee of these notes should keep him informed concerning the action of the trustees under the prior mortgage. His apparent failure to keep himself informed concerning the property and the notes was mere negligence upon his part,

and the loss of which he complains was occasioned thereby, and he is without remedy against the indorsee. The failure of the latter to give notice of the nonpayment of the installments falling due prior to October 1, 1926, results in discharging the plaintiff in error from liability for those payments, but has no other effect. Section 1393, D. C. Code.

Other exceptions are argued by plaintiff in error, and we have considered them; but we find no substantial error in the record. The judgment of the lower court is affirmed, with costs.